1  STERN & GOLDBERG
   ALAN N. GOLDBERG (SBN 112836)
2    agoldberg@sgattys.com
   PETER TRAN (SBN 280016)
3    ptran@sgattys.com
   6345 Balboa Boulevard, Suite 200
4  Encino, California 91316
   Telephone: (818) 758-3940
5  Facsimile: (818) 758-3950

6  Attorneys for Plaintiff
   R.Y.L. Inc., a California corporation
7

8              UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  R.Y.L. INC., a California corporation,        CASE NO.:

12              Plaintiff,                         **COMPLAINT FOR PATENT
                                                   INFRINGEMENT, TRADE DRESS
13  v.                                             INFRINGEMENT, FALSE
                                                   DESIGNATION OF ORIGIN, AND
14  SCIENTIFIC GLASS ART, INC., a                  UNFAIR BUSINESS PRACTICES**
    California corporation; JORGE OMAR
15  AVILA MARTINEZ also known as                   **DEMAND FOR JURY TRIAL**
    JORGE AVILA and ANDANTE
16  AVILA, an individual; BARAKAT
    ZAHRAN also known as ZAHRAN
17  BARAKAT and HISHAM BARAKAT,
    an individual; and DOES 1 through 50,
18  inclusive,

19              Defendants.

20

21

22      Plaintiff R.Y.L. Inc., a California corporation ("Plaintiff" or "R.Y.L." herein),

23  complains of Defendants, and each of them, and alleges as follows:

24                          <u>**INTRODUCTION**</u>

25      1.      This action is based upon the manufacture and sale by the Defendants

26  of merchandise that is confusingly similar to the design patent and/or includes

27  material elements of the utility patents owned by Plaintiff for disposable vials for

28  packing tobacco to be smoked, which are protected by U.S. Patent No. D827,152 (the

1 | "'152 Patent" herein), U.S. Patent No. 10,492,525 (the "'525 Patent" herein), U.S.
2 | Patent No. 10,512,281 (the "'281 Patent" herein), and U.S. Patent No. 10,602,772 (the
3 | "'772 Patent" herein), respectively.

## THE PARTIES

2.      Plaintiff R.Y.L. Inc. is, and all times mentioned herein was, a California corporation qualified to do business in the State of California, with its principal place of business located in the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant Scientific Glass Art, Inc. ("Scientific Glass Art" herein) is, and at all times mentioned herein was, a California corporation duly organized and existing under the laws of the State of California, with its principal place of business located in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant Jorge Omar Avila Martinez also known as Jorge Avila and Andante Avila ("Avila" herein), is, and at all times mentioned herein was, an individual, whose place of residence was in the County of Los Angeles, State of California.  Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, Defendant Avila was an officer, director and/or controlling shareholder of Defendant Scientific Glass Art.

5.      Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant Barakat Zahran also known as Zahran Barakat and Hisham Barakat ("Zahran" herein), is, and at all times mentioned herein was, an individual, whose place of residence was in the County of Los Angeles, State of California.  Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, Defendant Zahran is an officer, director and/or controlling shareholder of Defendant Scientific Glass Art.

6.      Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants Scientific Glass Art, Avila, and Zahran (collectively

1  "Defendants" herein) are engaged in the business of manufacturing, importing,
2  and/or selling tobacco products, including disposable vials for packing tobacco to be
3  smoked, some of which are labeled "INEX".

4         7.     Plaintiff is informed and believes, and thereon alleges, that there exists,
5  and at all times mentioned herein there existed, a unity of interest and ownership
6  between Defendant Scientific Glass Art and Defendants Avila and Zahran such that
7  the individuality and separateness between Defendant Scientific Glass Art and
8  Defendants Avila and Zahran have ceased; that Defendants Avila and Zahran have
9  used the assets of Defendant Scientific Glass Art for their own personal use; that
10 Defendant Scientific Glass Art is, and at all times mentioned herein was, a mere shell,
11 instrumentality and conduit through which Defendants Avila and Zahran carried on
12 their business exactly as they would have done absent this entity, exercising complete
13 control and dominance of such business to such an extent that any individuality or
14 separateness of Defendant Scientific Glass Art does not, and at all times herein
15 mentioned, did not exist; and that Defendant Scientific Glass Art is, and at all times
16 herein mentioned was, controlled, dominated and operated by Defendants Avila and
17 Zahran as their business and alter ego.

18        8.     Plaintiff does not know the true names and capacities, whether
19 corporate, associate, individual, partnership or otherwise, of Defendants named
20 herein as Does 1 through 50, inclusive, and therefore sues said Defendants by such
21 fictitious names.  Plaintiff is informed and believes, and on such information and
22 belief alleges, that each of said Defendants was, and is, in some manner, negligently,
23 tortiously or otherwise responsible for the events and damages referred to herein.
24 Plaintiff will amend this Complaint to show the true names and capacities of said
25 Defendants and each of the charging allegations when said have been ascertained.

26        9.     Plaintiff is informed and believes, and on such information and belief
27 alleges, that in doing the things herein alleged, Defendants, and each of them, acted
28 as the agents, servants or employees of each of the other Defendants, and in doing

1  the things herein alleged, acted within the course and scope of said agency, service

2  or employment.  Each of the acts of said Defendants was previously authorized and

3  subsequently ratified by each of the other Defendants and the managerial employees

4  thereof.

5  **JURISDICTION AND VENUE**

6      10.    This action arises under the patent and trademark laws of the United States,

7  **15 U.S.C. §§ 1051 et seq.** and **35 U.S.C. §§ 1 et seq.**  This Court has subject matter

8  jurisdiction under **15 U.S.C. § 1121** (action arising under the Lanham Act), **28 U.S.C.**

9  **§ 1331** (federal question), **28 U.S.C. § 1338(a)** (any Acts of Congress relating to patents

10  or trademarks), **28 U.S.C. § 1338(b)** (action asserting claim of unfair competition joined

11  with a substantial and related claim under the trademark laws), and **28 U.S.C. § 1367**

12  (supplemental jurisdiction).

13     11.    This Court has personal jurisdiction over Defendants Scientific Glass Art,

14  Avila, and Zahran because each of them has committed and continues to commit acts

15  of infringement in violation of **35 U.S.C. § 271** and **15 U.S.C. § 1125** and places

16  infringing products into the stream of commerce, with the knowledge or understanding

17  that such products are sold in the State of California, including in this District.  The acts

18  by Defendants Scientific Glass Art, Avila, and Zahran cause injury to Plaintiff R.Y.L.

19  in this District.  Upon information and belief, Defendants Scientific Glass Art, Avila,

20  and Zahran derive substantial revenue from the sale of infringing products within this

21  District, expect their actions to have consequences within this District, and derive

22  substantial revenue from interstate and international commerce.

23     12.    Venue is proper within this District under **28 U.S.C. §§ 1391(b) and (c)**

24  because Defendants Scientific Glass Art, Avila, and Zahran transact business within

25  this District and offer for sale in this District products that infringe Plaintiff R.Y.L.'s

26  patents and trade dress.   In addition, venue is proper because Plaintiff R.Y.L.'s

27  principal place of business is in this District and Plaintiff has suffered harm in this

28  District.  Moreover, a substantial part of the events giving rise to the claims occurred

1    in this District.

2                                    **BACKGROUND**

3                        **Plaintiff R.Y.L.'s Patents and Trade Dress**

4          13.    At all material times herein, Plaintiff has been and is engaged in the

5    manufacture and sale of tobacco pipes and smoking products and accessories.

6          14.    On June 5, 2017, Plaintiff's predecessor in interest filed the U.S. Patent

7    Application for the '152 Patent, which was entitled "Disposable Vial". It was assigned

8    Application No. 29/606,518.  On July 26, 2018, the assignment transferring all rights

9    to the '152 Patent to Plaintiff was recorded.  The '152 Patent was issued on August

10   28, 2018.  A true and correct copy of the '152 Patent is attached hereto as Exhibit "1"

11   and incorporated by reference.

12         15.    On May 11, 2017, Plaintiff's predecessor in interest filed the U.S. Patent

13   Application for the '525 Patent, which was entitled "Method of Making a Disposable

14   Vial for Packing Tobacco to be Smoked".   It was assigned Application No.

15   15/593,242.  On July 18, 2018, the assignment transferring all rights to the '525 Patent

16   to Plaintiff was recorded.  The '525 Patent was issued on December 3, 2019.  A true

17   and correct copy of the '525 Patent is attached hereto as Exhibit "2" and incorporated

18   by reference.

19         16.    On January 21, 2016, Plaintiff's predecessor in interest filed the U.S.

20   Patent Application for the '281 Patent, which was entitled "Method of Making a

21   Disposable Vial for Packing Tobacco to be Smoked". It was assigned Application No.

22   15/003,442.  On January 25, 2017, the assignment transferring all rights to the '281

23   Patent to Plaintiff was recorded.  The '281 Patent was issued on December 24, 2019.

24   A true and correct copy of the '281 Patent is attached hereto as Exhibit "3" and

25   incorporated by reference.

26         17.    On January 26, 2017, Plaintiff's predecessor in interest filed the U.S.

27   Patent Application for the '772 Patent, which was entitled "Method of Making a

28   Disposable Vial for Packing Tobacco to be Smoked". It was assigned Application No.

1    15/417,010. On February 3, 2017, the assignment transferring all rights to the '772
2    Patent to Plaintiff was recorded. The '772 Patent was issued on March 31, 2020. A
3    true and correct copy of the '772 Patent is attached hereto as Exhibit "4" and
4    incorporated by reference.

5           18.    Plaintiff and/or its predecessors have used the methods and designs
6    contained in the '152 Patent, the '525 Patent, the '281 Patent, and the '772 Patent
7    continuously since on or about January 2016 in connection with the manufacture and
8    sale of disposable vials for packing tobacco to be smoked.

9           19.    Plaintiff and/or its predecessors also hold trade dress protection in the
10   design and appearance of its disposable vials. Plaintiff's disposable vials, which are
11   sold under the trade name "Lock-N-Load", have a distinctive shape and appearance:
12   a compact, straight cylinder of transparent, clear glass with a black screw-on end cap,
13   and the "Lock-N-Load" logo appearing on the glass portion of the vial on a black
14   rectangular background. Each of these elements is distinctive and serves to identify
15   Plaintiff as the source of the disposable vials. Moreover, none of these elements is
16   functional.

17          20.    Plaintiff and/or its predecessors have been engaged in the sale of
18   tobacco pipes and smoking products and accessories to various retail outlets
19   throughout the United States since at least 2007.

20   **Defendants Scientific Glass Art, Avila, and Zahran's Infringing Products**

21          21.    In or about February 2020, Plaintiff discovered that notwithstanding
22   Plaintiff's prior and exclusive statutory rights to use the '152, '525, '281, and '772
23   Patents and all similar variations thereof, Defendants, without Plaintiff's consent,
24   reproduced or purchased reproductions of the disposable vials protected by the '152,
25   '525, '281, and '772 Patents and/or confusingly similar variations thereof, for the
26   Defendants' own use and sale, some of which are labeled "INEX" (the "Counterfeit
27   and Infringing Merchandise").

28          22.    Defendants' Counterfeit and Infringing Merchandise also mimics a

1  combination of several elements of the trade dress of Plaintiff's disposable vials,
2  namely, a product configuration with a compact, straight cylinder of transparent,
3  clear glass with black screw-on end caps, and the "INEX" logo appearing on the
4  glass portion of the vial on a black rectangular background.

5      23.    Rather than invest in the expensive and time-consuming effort that
6  would have been necessary to innovate and develop their own products, Defendants
7  instead decided to copy Plaintiff's designs, methods, and style in its infringing
8  products.  By doing so, Defendants took improper shortcuts, thereby avoiding the
9  investments that would have been necessary had Defendants not used Plaintiff's
10  designs and methods.   Defendants' misappropriation of Plaintiff's designs and
11  methods are crucial to its attempt to unfairly compete against Plaintiff.  Plaintiff is
12  informed and believes that Defendants have each engaged in no less than one
13  hundred (100) separate instances of infringement.

14      24.    Defendants' Counterfeit and Infringing Merchandise has no substantial
15  non-infringing uses.

16      25.    Defendants' Counterfeit and Infringing Merchandise has a substantially
17  similar ornamental appearance to the disposable vials disclosed in Plaintiff's issued
18  '152 Patent, which  is likely to lead the public to believe Defendants' Counterfeit and
19  Infringing Merchandise are licensed by, sponsored by, or otherwise affiliated with
20  those sold by Plaintiff, when in fact they are not.  Further, Defendants' Counterfeit
21  and Infringing Merchandise includes all of the elements of Claims 1 and 6 of the
22  disposable vials disclosed in Plaintiff's issued '525 Patent.  Plaintiff is also informed
23  and believes that the method by which Defendants manufacture the Counterfeit and
24  Infringing Merchandise includes all of the elements of Claim 1 of Plaintiff's issued
25  '281 Patent and Claims 1 and 8 of Plaintiff's issued '772 Patent.   Defendants'
26  Counterfeit and Infringing Merchandise also infringe upon the trade dress of
27  Plaintiff's disposable vials.

28      26.    On March 9, 2020, Plaintiff issued a "cease and desist" letter to

1 Defendants advising them of Plaintiff's patent rights and demanding that Defendants,
2 and each of them, cease and desist with their wrongful conduct and immediately
3 discontinue the manufacture and sale of the Counterfeit and Infringing Merchandise.
4 Despite Plaintiff's demand, Defendants, and each of them, have intentionally and
5 surreptitiously continued to sell the Counterfeit and Infringing Merchandise.

6      27.   If the manufacture and sale of the Counterfeit and Infringing
7 Merchandise by the Defendants is not restricted by this Court: (a) the public will be
8 confused, misled and deceived as to the source and origin of the Defendants'
9 products and will mistakenly purchase products of inferior quality that are not
10 authorized by Plaintiff; (b) the distinctive value and reputation of Plaintiff's products
11 will be diluted, impairing the value of its licensing program; (c) Defendants will
12 benefit from the goodwill enjoyed by Plaintiff's products; and (d) Plaintiff will suffer
13 from the permanent loss of substantial revenues from the sale of licensed products.
14 Plaintiff has no adequate remedy at law to prevent these injuries.

15      28.   Despite repeated demands by Plaintiff, Defendants have refused to
16 discontinue their wrongful conduct and willfully continue to infringe upon Plaintiff's
17 '152, '525, '281, and '772 Patents and the trade dress rights in its disposable vials to
18 unfairly compete with Plaintiff.

19 **FIRST CLAIM FOR RELIEF**
20 **(Infringement of the '152 Patent)**

21      29.   Plaintiff realleges and incorporates herein by reference each of the
22 allegations in paragraphs 1 through 28, inclusive, of this Complaint, as if fully set
23 forth herein.

24      30.   On August 28, 2018, the United States Patent and Trademark Office
25 ("USPTO" herein) duly and legally issued the '152 Patent to Plaintiff.

26      31.   The '152 Patent is presumed valid pursuant to **35 U.S.C. § 282**.

27      32.   Defendants Scientific Glass Art, Avila, and Zahran, through their agents,
28 employees, and servants, have and continue to directly infringe, engage in acts of

1  contributory infringement, and/or induce the infringement of the '152 Patent, by
2  directly and/or indirectly making, using, selling, offering for sale, and/or importing the
3  Counterfeit and Infringing Merchandise, some of which are labeled "INEX", having
4  a design that is substantially similar to the disposable vials disclosed in the '152 Patent.
5  Defendants' infringing activities violate **35 U.S.C. § 271**.

6        33.    Defendants' acts of infringement of the '152 Patent were undertaken
7  without permission or license from Plaintiff.

8        34.    Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that
9  Defendants' infringement of the '152 Patent has been and continues to be intentional,
10  willful, and without regard to Plaintiff R.Y.L.'s rights.  Plaintiff R.Y.L. is informed
11  and believes, and on that basis alleges, that Defendants' infringement of the '152
12  Patent is and has been intentional, deliberate, and willful because at a minimum, they
13  had knowledge of the '152 Patent through direct or indirect communications with
14  Plaintiff R.Y.L. and/or as a result of their participation in the tobacco and smoking
15  products industry prior to engaging in their acts of infringement.

16        35.    Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that
17  as a direct and proximate result of Defendants' infringement of the '152 Patent,
18  Defendants have derived and received gains, profits, and advantages in an amount to
19  be proven at time of trial, but which Plaintiff believes are not less than the sum of
20  $50,000.00.

21        36.    As a direct and proximate result of Defendants' infringement of the '152
22  Patent, Plaintiff R.Y.L. has sustained damages in an amount to be proven at time of
23  trial, but which Plaintiff believes are not less than the sum of $50,000.00.

24        37.    Due to the aforesaid infringing acts, Plaintiff has suffered and will
25  continue to suffer great and irreparable injury from Defendants' infringement of the
26  '152 Patent.  Plaintiff has no adequate remedy at law and is entitled to an injunction
27  against Defendants' continuing infringement of the '152 Patent.  Unless enjoined,
28  Defendants will continue their infringing conduct.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '525 Patent)

38.     Plaintiff realleges and incorporates herein by reference each of the allegations in paragraphs 1 through 37, inclusive, of this Complaint, as if fully set forth herein.

39.     On December 3, 2019, the USPTO duly and legally issued the '525 Patent to Plaintiff.

40.     The '525 Patent is presumed valid pursuant to **35 U.S.C. § 282**.

41.     Defendants Scientific Glass Art, Avila, and Zahran, through their agents, employees, and servants, have and continue to directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the '525 Patent, by directly and/or indirectly making, using, selling, offering for sale, and/or importing the Counterfeit and Infringing Merchandise, some of which are labeled "INEX", that include all of the elements of Claims 1 and 6 of the disposable vials disclosed in Plaintiff's '525 Patent.  Defendants' infringing activities violate **35 U.S.C. § 271**.

42.     Defendants' acts of infringement of the '525 Patent were undertaken without permission or license from Plaintiff.

43.     Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that Defendants' infringement of the '525 Patent has been and continues to be intentional, willful, and without regard to Plaintiff R.Y.L.'s rights.  Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that Defendants' infringement of the '525 Patent is and has been intentional, deliberate, and willful because at a minimum, they had knowledge of the '525 Patent through direct or indirect communications with Plaintiff R.Y.L. and/or as a result of their participation in the tobacco and smoking products industry prior to engaging in their acts of infringement.

44.     Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that as a direct and proximate result of Defendants' infringement of the '525 Patent, Defendants have derived and received gains, profits, and advantages in an amount to

1  be proven at time of trial, but which Plaintiff believes are not less than the sum of
2  $50,000.00.

3       45.    As a direct and proximate result of Defendants' infringement of the '525
4  Patent, Plaintiff R.Y.L. has sustained damages in an amount to be proven at time of
5  trial, but which Plaintiff believes are not less than the sum of $50,000.00.

6       46.    Due to the aforesaid infringing acts, Plaintiff has suffered and will
7  continue to suffer great and irreparable injury from Defendants' infringement of the
8  '525 Patent.  Plaintiff has no adequate remedy at law and is entitled to an injunction
9  against Defendants' continuing infringement of the '525 Patent.  Unless enjoined,
10  Defendants will continue their infringing conduct.

11                                   **THIRD CLAIM FOR RELIEF**
12                              **(Infringement of the '281 Patent)**

13       47.    Plaintiff realleges and incorporates herein by reference each of the
14  allegations in paragraphs 1 through 46, inclusive, of this Complaint, as if fully set
15  forth herein.

16       48.    On December 24, 2019, the USPTO duly and legally issued the '281
17  Patent to Plaintiff.

18       49.    The '281 Patent is presumed valid pursuant to **35 U.S.C. § 282**.

19       50.    Defendants Scientific Glass Art, Avila, and Zahran, through their agents,
20  employees, and servants, have and continue to directly infringe, engage in acts of
21  contributory infringement, and/or induce the infringement of the '281 Patent, by
22  directly and/or indirectly making, using, selling, offering for sale, and/or importing the
23  Counterfeit and Infringing Merchandise, some of which are labeled "INEX", that
24  were manufactured by a method that includes all of the elements of Claim 1 of the
25  method for making the disposable vials disclosed in Plaintiff's '281 Patent.
26  Defendants' infringing activities violate **35 U.S.C. § 271**.

27       51.    Defendants' acts of infringement of the '281 Patent were undertaken
28  without permission or license from Plaintiff.

52.     Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that Defendants' infringement of the '281 Patent has been and continues to be intentional, willful, and without regard to Plaintiff R.Y.L.'s rights.  Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that Defendants' infringement of the '281 Patent is and has been intentional, deliberate, and willful because at a minimum, they had knowledge of the '281 Patent through direct or indirect communications with Plaintiff R.Y.L. and/or as a result of their participation in the tobacco and smoking products industry prior to engaging in their acts of infringement.

53.     Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that as a direct and proximate result of Defendants' infringement of the '281 Patent, Defendants have derived and received gains, profits, and advantages in an amount to be proven at time of trial, but which Plaintiff believes are not less than the sum of $50,000.00.

54.     As a direct and proximate result of Defendants' infringement of the '281 Patent, Plaintiff R.Y.L. has sustained damages in an amount to be proven at time of trial, but which Plaintiff believes are not less than the sum of $50,000.00.

55.     Due to the aforesaid infringing acts, Plaintiff has suffered and will continue to suffer great and irreparable injury from Defendants' infringement of the '281 Patent.  Plaintiff has no adequate remedy at law and is entitled to an injunction against Defendants' continuing infringement of the '281 Patent.  Unless enjoined, Defendants will continue their infringing conduct.

## FOURTH CLAIM FOR RELIEF

### (Infringement of the '772 Patent)

56.     Plaintiff realleges and incorporates herein by reference each of the allegations in paragraphs 1 through 55, inclusive, of this Complaint, as if fully set forth herein.

57.     On March 31, 2020, the USPTO duly and legally issued the '772 Patent to Plaintiff.

1    58.    The '772 Patent is presumed valid pursuant to **35 U.S.C. § 282**.

2    59.    Defendants Scientific Glass Art, Avila, and Zahran, through their agents,
3  employees, and servants, have and continue to directly infringe, engage in acts of
4  contributory infringement, and/or induce the infringement of the '772 Patent, by
5  directly and/or indirectly making, using, selling, offering for sale, and/or importing the
6  Counterfeit and Infringing Merchandise, some of which are labeled "INEX", that
7  were manufactured by a method that includes all of the elements of Claims 1 and 8
8  of the method for making the disposable vials disclosed in Plaintiff's '772 Patent.
9  Defendants' infringing activities violate **35 U.S.C. § 271**.

10   60.    Defendants' acts of infringement of the '772 Patent were undertaken
11 without permission or license from Plaintiff.

12   61.    Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that
13 Defendants' infringement of the '772 Patent has been and continues to be intentional,
14 willful, and without regard to Plaintiff R.Y.L.'s rights.  Plaintiff R.Y.L. is informed
15 and believes, and on that basis alleges, that Defendants' infringement of the '772
16 Patent is and has been intentional, deliberate, and willful because at a minimum, they
17 had knowledge of the '772 Patent through direct or indirect communications with
18 Plaintiff R.Y.L. and/or as a result of their participation in the tobacco and smoking
19 products industry prior to engaging in their acts of infringement.

20   62.    Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that
21 as a direct and proximate result of Defendants' infringement of the '772 Patent,
22 Defendants have derived and received gains, profits, and advantages in an amount to
23 be proven at time of trial, but which Plaintiff believes are not less than the sum of
24 $50,000.00.

25   63.    As a direct and proximate result of Defendants' infringement of the '772
26 Patent, Plaintiff R.Y.L. has sustained damages in an amount to be proven at time of
27 trial, but which Plaintiff believes are not less than the sum of $50,000.00.

28   64.    Due to the aforesaid infringing acts, Plaintiff has suffered and will

1   continue to suffer great and irreparable injury from Defendants' infringement of the
2   '772 Patent.  Plaintiff has no adequate remedy at law and is entitled to an injunction
3   against Defendants' continuing infringement of the '772 Patent.  Unless enjoined,
4   Defendants will continue their infringing conduct.

5                            **FIFTH CLAIM FOR RELIEF**
6                            **(Trade Dress Infringement)**

7           65.    Plaintiff realleges and incorporates herein by reference each of the
8   allegations in paragraphs 1 through 64, inclusive, of this Complaint, as if fully set
9   forth herein.

10          66.    Plaintiff is the owner of all right and title to the distinctive trade dress
11  of its disposable vials, which is embodied in the size, shape, color, and overall
12  product design of the disposable vials manufactured and sold by Plaintiff.  The trade
13  dress of the disposable vials has acquired secondary meaning, and is not functional.

14          67.    In addition, based on extensive and consistent advertising, promotion,
15  and sales throughout the United States, the trade dress of Plaintiff's disposable vials
16  has acquired distinctiveness and enjoys secondary meaning among consumers,
17  identifying Plaintiff as the source of these products.

18          68.    Plaintiff's extensive promotion of the distinctive trade dress of its
19  disposable vials has resulted in Plaintiff's acquisition of valuable, legally protected
20  rights in the trade dress as well as considerable customer goodwill.

21          69.    Defendants'   Counterfeit   and   Infringing   Merchandise   has
22  misappropriated the trade dress of Plaintiff's disposable vials by mimicking a
23  combination of several elements of that trade dress.

24          70.    Defendants' manufacture and distribution of its Counterfeit and
25  Infringing Merchandise with product design features that mimic a combination of
26  several elements of the trade dress of Plaintiff's disposable vials, is likely to cause
27  confusion, or to cause mistake, or to deceive the consumer as to the affiliation,
28  connection, or association of Defendants' Counterfeit and Infringing Merchandise

1  with Plaintiff's disposable vials.

2     71.   Defendants' manufacture and distribution of its Counterfeit and

3  Infringing Merchandise with product design features that mimic a combination of

4  several elements of the trade dress of Plaintiff's disposable vials, enables Defendants

5  to benefit unfairly from Plaintiff's reputation and success, thereby giving

6  Defendants' infringing products sales and commercial value they would not have

7  otherwise.

8     72.   Defendants' actions constitute trade dress infringement in violation of

9  **15 U.S.C. § 1125(a)**.

10    73.   Defendants' acts of trade dress infringement were undertaken without

11  permission or license from Plaintiff.

12    74.   Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that

13  Defendants' infringement of the trade dress of Plaintiff's disposable vials has been

14  and continues to be intentional, willful, and without regard to Plaintiff R.Y.L.'s rights.

15  Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that Defendants'

16  infringement of the trade dress of Plaintiff's disposable vials is and has been

17  intentional, deliberate, and willful because at a minimum, they had knowledge of the

18  trade dress of Plaintiff's disposable vials through direct or indirect communications

19  with Plaintiff R.Y.L. and/or as a result of their participation in the tobacco and

20  smoking products industry prior to engaging in their acts of infringement.

21    75.   Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that

22  as a direct and proximate result of Defendants' infringement of the trade dress of

23  Plaintiff's disposable vials, Defendants have derived and received gains, profits, and

24  advantages in an amount to be proven at time of trial, but which Plaintiff believes are

25  not less than the sum of $50,000.00.

26    76.   As a direct and proximate result of Defendants' infringement of the trade

27  dress of Plaintiff's disposable vials, Plaintiff R.Y.L. has sustained damages in an

28  amount to be proven at time of trial, but which Plaintiff believes are not less than the

I:\SECY ANG\wpdocs\R.Y.L\INEX\Pleadings\Complaint - PT Changes 6-22-20.docx

1    sum of $50,000.00.

2    77.    Due to the aforesaid infringing acts, Plaintiff has suffered and will
3    continue to suffer great and irreparable injury from Defendants' infringement of the
4    trade dress of Plaintiff's disposable vials.  Plaintiff has no adequate remedy at law
5    and is entitled to an injunction against Defendants' continuing infringement of the
6    trade dress of Plaintiff's disposable vials.  Unless enjoined, Defendants will continue
7    their infringing conduct.

8                          **SIXTH CLAIM FOR RELIEF**
9                          **(False Designation of Origin)**

10   78.    Plaintiff realleges and incorporates herein by reference each of the
11   allegations in paragraphs 1 through 77, inclusive, of this Complaint, as if fully set
12   forth herein.

13   79.    Plaintiff is the owner of all right and title to the distinctive trade dress
14   of its disposable vials, which is embodied in the size, shape, color, and overall
15   product design of the disposable vials manufactured and sold by Plaintiff.  The trade
16   dress of the disposable vials has acquired secondary meaning, and is not functional.

17   80.    In addition, based on extensive and consistent advertising, promotion,
18   and sales throughout the United States, the trade dress of Plaintiff's disposable vials
19   has acquired distinctiveness and enjoys secondary meaning among consumers,
20   identifying Plaintiff as the source of these products.

21   81.    Plaintiff's extensive promotion of the distinctive trade dress of its
22   disposable vials has resulted in Plaintiff's acquisition of valuable, legally protected
23   rights in the trade dress as well as considerable customer goodwill.

24   82.    Defendants have falsely designated the origin of their Counterfeit and
25   Infringing Merchandise by mimicking a combination of several elements of the trade
26   dress of Plaintiff's disposable vials.

27   83.    Defendants' manufacture and distribution of its Counterfeit and
28   Infringing Merchandise with product design features that mimic a combination of

1  several elements of the trade dress of Plaintiff's disposable vials, is likely to cause
2  confusion, or to cause mistake, or to deceive the consumer as to the affiliation,
3  connection, or association of Defendant with Plaintiff, or as to the origin,
4  sponsorship, or approval by Plaintiff of Defendants' goods, services, or commercial
5  activities.

6       84.    Defendants' manufacture and distribution of its Counterfeit and
7  Infringing Merchandise with product design features that mimic a combination of
8  several elements of the trade dress of Plaintiff's disposable vials, enables Defendants
9  to benefit unfairly from Plaintiff's reputation and success, thereby giving
10  Defendants' infringing products sales and commercial value they would not have
11  otherwise.

12       85.    Defendants' action constitute false designation of origin in violation of
13  **15 U.S.C. § 1125(a)**.

14       86.    Defendants' acts of false designation of origin were undertaken without
15  permission or license from Plaintiff.

16       87.    Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that
17  Defendants' acts of false designation of origin have been and continue to be
18  intentional, willful, and without regard to Plaintiff R.Y.L.'s rights. Plaintiff R.Y.L. is
19  informed and believes, and on that basis alleges, that Defendants' acts of false
20  designation of origin are and have been intentional, deliberate, and willful because at
21  a minimum, they had knowledge of the trade dress of Plaintiff's disposable vials
22  through direct or indirect communications with Plaintiff R.Y.L. and/or as a result of
23  their participation in the tobacco and smoking products industry prior to engaging in
24  their infringing conduct.

25       88.    Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that
26  as a direct and proximate result of Defendants' acts of false designation of origin,
27  Defendants have derived and received gains, profits, and advantages in an amount to
28  be proven at time of trial, but which Plaintiff believes are not less than the sum of

1   $50,000.00.

2      89.   As a direct and proximate result of Defendants' acts of false designation

3 of origin, Plaintiff R.Y.L. has sustained damages in an amount to be proven at time

4 of trial, but which Plaintiff believes are not less than the sum of $50,000.00.

5      90.   Due to the aforesaid infringing acts, Plaintiff has suffered and will

6 continue to suffer great and irreparable injury from Defendants' acts of false

7 designation of origin.  Plaintiff has no adequate remedy at law and is entitled to an

8 injunction against Defendants' continuing acts of false designation of origin.  Unless

9 enjoined, Defendants will continue their infringing conduct.

10                   **SEVENTH CLAIM FOR RELIEF**

11                        **(Unfair Business Practices)**

12      91.   Plaintiff realleges and incorporates herein by reference each of the

13 allegations in paragraphs 1 through 90, inclusive, of this Complaint, as if fully set

14 forth herein.

15      92.   The acts of Defendants described above constitute fraudulent and

16 unlawful business practices as defined by **California Business & Professions Code**

17 **§ 17200, et seq.**

18      93.   Plaintiff has valid and protectable prior rights in the trade dress of its

19 disposable vials.  The trade dress of Plaintiff's disposable vials do not serve any

20 function other than to identify Plaintiff has the source of its disposable vial products.

21 The trade dress of Plaintiff's disposable vials is inherently distinctive, and, through

22 Plaintiff's long use, have come to be associated solely with Plaintiff as the source of

23 the products on which it is used.

24      94.   Defendants' use of its infringing trade dress is likely to cause confusion

25 as to the source of Defendants' Counterfeit and Infringing Merchandise and is likely

26 to cause others to be confused or mistaken into believing that there is a relationship

27 between Defendants and Plaintiff or that Defendants' Counterfeit and Infringing

28 Merchandise is affiliated with or sponsored by Plaintiff.

95.     The above-described acts and practices by Defendants are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of **California Business & Professions Code § 17200, et seq.**

96.     The above-described acts constitute trade dress infringement and false designation of origin under Section 43(a) of the Lanham Act, **15 U.S.C. § 1125(a),** and are therefore unlawful acts in violation of **California Business & Professions Code § 17200, et seq.**

97.     Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that Defendants' infringing acts have been and continue to be intentional, willful, and without regard to Plaintiff R.Y.L.'s rights.  Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that Defendants' infringing acts are and have been intentional, deliberate, and willful because at a minimum, they had knowledge of the trade dress of Plaintiff's disposable vials through direct or indirect communications with Plaintiff R.Y.L. and/or as a result of their participation in the tobacco and smoking products industry prior to engaging in their infringing conduct.

98.     Plaintiff R.Y.L. is informed and believes, and on that basis alleges, that as a direct and proximate result of Defendants' infringing acts, Defendants have derived and received gains, profits, and advantages in an amount to be proven at time of trial, but which Plaintiff believes are not less than the sum of $50,000.00.

99.     As a direct and proximate result of Defendants' infringing acts, Plaintiff R.Y.L. has sustained damages in an amount to be proven at time of trial, but which Plaintiff believes are not less than the sum of $50,000.00.

100.     Due to the aforesaid infringing acts, Plaintiff has suffered and will continue to suffer great and irreparable injury from Defendants' acts of false designation of origin.  Plaintiff has no adequate remedy at law and is entitled to an injunction against Defendants' continuing acts of false designation of origin.  Unless enjoined, Defendants will continue their infringing conduct.

WHEREFORE, Plaintiff prays for a judgment against Defendants Scientific

1  Glass Art, Avila, and Zahran as follows:

2      1.    A judgement that each of Plaintiff R.Y.L.'s asserted patents are valid
3  and enforceable;

4      2.    A judgment that Defendants Scientific Glass Art, Avila, and Zahran
5  have infringed, contributorily infringed, and/or induced infringement of one or more
6  of Plaintiff R.Y.L.'s asserted patents;

7      3.    An order and judgment preliminarily and permanently enjoining
8  Defendants Scientific Glass Art, Avila, Zahran, and their officers, directors, agents,
9  servants, employees, affiliates, attorneys, and all other acting in privity or in concert
10 with them, and their parents, subsidiaries, divisions, successors, and assigns, from
11 further acts of infringement of Plaintiff R.Y.L.'s asserted patents;

12     4.    A judgment awarding Plaintiff R.Y.L. all damages adequate to
13 compensate for Defendants Scientific Glass Art, Avila, and Zahran's infringement
14 of R.Y.L.'s asserted patents in an amount to be proven at time of trial, but which
15 Plaintiff believes are not less than the sum of $50,000.00, plus all prejudgment and
16 post-judgment interest at the maximum rate permitted by law;

17     5.    A judgment awarding Plaintiff R.Y.L. treble damages based on any
18 infringement found to be willful, pursuant to **35 U.S.C. § 284**, in an amount to be
19 proven at time of trial, but which Plaintiff believes are not less than the sum of
20 $150,000.00, plus prejudgment interest;

21     6.    A judgment awarding Plaintiff R.Y.L. all of Defendants Scientific Glass
22 Art, Avila, and Zahran's profits, pursuant to **35 U.S.C. § 289**, in an amount to be
23 proven at time of trial, but which Plaintiff believes are not less than the sum of
24 $50,000.00, plus prejudgment interest as authorized by law;

25     7.    An order preliminarily and permanently enjoining Defendants Scientific
26 Glass Art, Avila, and Zahran and their officers, directors, agents, servants,
27 employees, affiliates, attorneys, and all others acting in privity or in concert with
28 them, and their parents, subsidiaries, divisions, successors, and assigns, from directly

1   or indirectly:

2         a.    infringing the trade dress of Plaintiff R.Y.L.'s disposable vials,
3   or using any other product, product design, or designations similar to or likely to
4   cause confusion with the trade dress of Plaintiff R.Y.L.'s disposable vials;

5         b.    from passing off Defendants' products as being associated with
6   or sponsored or affiliated with Plaintiff R.Y.L.;

7         c.    from committing any other unfair business practices directed
8   toward obtaining for themselves the business and customers of Plaintiff R.Y.L.; and

9         d.    from committing any other unfair business practices directed
10   toward devaluing or diminishing the brand or business of Plaintiff R.Y.L.

11        8.    A judgment awarding Plaintiff R.Y.L. all of Defendants Scientific Glass
12   Art, Avila, and Zahran's profits, pursuant to **15 U.S.C. § 1117(a)**, in an amount to be
13   proven at time of trial, but which Plaintiff believes are not less than the sum of
14   $50,000.00, plus prejudgment interest as authorized by law;

15        9.    A judgment awarding Plaintiff R.Y.L. all damages adequate to
16   compensate for Defendants Scientific Glass Art, Avila, and Zahran's infringement
17   of R.Y.L.'s trade dress rights in an amount to be proven at time of trial, but which
18   Plaintiff believes are not less than the sum of $50,000.00, plus all prejudgment and
19   post-judgment interest at the maximum rate permitted by law;

20        10.   A judgment awarding Plaintiff R.Y.L. treble damages based on any
21   infringement found to be willful, pursuant to **15 U.S.C. § 1117(b)**, in an amount to
22   be proven at time of trial, but which Plaintiff believes are not less than the sum of
23   $150,000.00, plus prejudgment interest;

24        11.   Actual damages suffered by Plaintiff R.Y.L. as a result of Defendants
25   Scientific Glass Art, Avila, and Zahran's unlawful conduct, in an amount to be
26   proven at trial, but which Plaintiff believes are not less than the sum of $50,000.00,
27   plus prejudgment interest as authorized by law;

28        12.   Restitutionary relief against Defendants and in favor of Plaintiff R.Y.L.,

1  including disgorgement of wrongfully obtained profits and any other appropriate

2  relief;

3       13.    A judgment that this is an exceptional case and an award to Plaintiff

4  R.Y.L. of its costs and reasonable attorney's fees incurred in this action as provided

5  by **35 U.S.C. § 285** and **15 U.S.C. § 1117(a)**; and

6       14.    For such other and further relief as the Court may deem just and proper.

7  **DEMAND FOR JURY TRIAL**

8       Pursuant to **Rule 38(b)** of the **Federal Rules of Civil Procedure**, Plaintiff

9  R.Y.L. hereby demands trial by jury on all issues raised by the Complaint.

10

11                             Respectfully submitted,

12  Dated: June 2✓ , 2020        STERN & GOLDBERG

13

14                         By: _____

15                             ALAN N. GOLDBERG
                           PETER TRAN

16                             Attorneys for Plaintiff
                           R.Y.L. Inc., a California corporation

17

18

19

20

21

22

23

24

25

26

27

28