Tommy SF Wang (SBN: 272409)
Joshua E. Matic (SBN: 259070)
Wang IP Law Group, P.C.
18645 E. Gale Ave. Ste #205
City of Industry, CA 91748
Telephone: 626-269-6753
Facsimile: 888-827-8880
Email: twang@thewangiplaw.com; jmatic@thewangiplaw.com
Attorneys for Defendant
SCIENTIFIC GLASS ART, INC; JORGE OMAR AVILA MARTINEZ; and
BARAKAT ZAHRAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CENTRAL DIVISION

| | |
|---|---|
| R.Y.L. INC., A California Corporation | Case No.: 2:20-cv-05606 |
| Plaintiffs, | |
| vs. | DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT |
| SCIENTIFIC GLASS ART, INC. A California Corporation; | [Jury Trial Demanded] |
| JORGE AVILA MARTINEZ AKA JORGE AVILA AND ADANTE AVILA, an individual; | |
| BARAKAT ZAHRAN AKA ZAHRAN BARAKAT AND HISHAM BARAKAT, an individual; | |
| and DOES 1 through 50, | |
| Defendant. | |

Defendant SCIENTIFIC GLASS ART, INC., DEFENDANT JORGE AVILA MARTINEZ ("Mr. Martinez") and BARAKAT ZAHRAN (collectively "DEFENDANTS") answer "COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGINA, AND UNFAIR BUSINESS PRACTICES" (the "Complaint") filed on June 25, 2020, by plaintiff R.Y.L. INC., a California corporation ("Plaintiffs") as follows:

## INTRODUCTION

1. DEFENDANTS deny the allegations set forth in paragraph 1.

### The Parties

2. DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore deny them.

3. DEFENDANTS admit that it is a corporation organized under the laws of the State of California.

4. DEFENDANTS admit to the allegations of paragraph 4.

5. DEFENDANTS admit to the allegations of paragraph 5.

6. DEFENDANTS admit to the allegations of paragraph 6.

7. DEFENDANTS deny the allegations of paragraph 7.

8. DEFENDANTS deny the allegations of paragraph 8.

9. DEFENDANTS deny the allegations of paragraph 9, but specifically deny that DEFENDANTS has infringed or is liable for any infringement of any valid and enforceable patents or patent rights of Plaintiffs.

### Jurisdiction And Venue

10.     DEFENDANTS admit that this action purports to invoke the patent laws of the United States, 15 U.S.C. §§ 1051 et seq. and 35 U.S.C. §§ 1 et seq. DEFENDANTs admit this Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b), and 28 U .S.C. § 1367.

11.     DEFENDANTS admit that this Court has personal jurisdiction over Defendants but deny the remaining allegations of paragraph 11.

12.     DEFENDANTS admit that venue is proper in the Central District of California, and admit having conducted business in the District, but deny the allegations of infringement set forth in paragraph 12.

## BACKGROUND

### Plaintiff R.Y.L.'s Patents and Trade Dress

13.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore deny them.

14.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore deny them.

15.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore deny them.

16.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore deny them.

17.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore deny them.

18.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore deny them.

19.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore deny them.

20.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore deny them.

### **Defendants Scientific Glass Art, Avila, and Zahran's Products**

21.     DEFENDANTS deny allegations set forth in paragraph 21.

22.     DEFENDANTS deny allegations set forth in paragraph 22.

23.     DEFENDANTS deny allegations set forth in paragraph 23.

24.     DEFENDANTS deny allegations set forth in paragraph 24.

25.     DEFENDANTS deny allegations set forth in paragraph 25.

26.     DEFENDANTS admit to receiving letter from plaintiff but deny the rest of the allegations set forth in paragraph 26.

27.     DEFENDANTS deny allegations set forth in paragraph 27.

28.     DEFENDANTS deny allegations set forth in paragraph 28.

### **FIRST CLAIM FOR RELIEF**

### **(The '152 Patent)**

29.     DEFENDANTS realleges as if fully set forth here its responses to the allegations in paragraphs 1 through 29 of the complaint.

30.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore deny them.

31.     DEFENDANTS deny the allegations of paragraph 31, and specifically deny that DEFENDANTS has infringed or is liable for any infringement of any valid and enforceable patents or patent rights of Plaintiffs.

32.     DEFENDANTS deny the allegations of paragraph 32, and specifically deny that DEFENDANTS has infringed or is liable for any infringement of any valid and enforceable patents or patent rights of Plaintiffs.

33.      DEFENDANTS deny the allegations of paragraph 33.

34.     DEFENDANTS deny the allegations of paragraph 34.

35.     DEFENDANTS deny the allegations of paragraph 35.

36.     DEFENDANTS deny the allegations of paragraph 36.

37.     DEFENDANTS deny the allegations of paragraph 37.

## SECOND CLAIM FOR RELIEF

### (The '525 Patent)

38.     DEFENDANTS realleges as if fully set forth here its responses to the allegations in paragraphs 1 through 37 of the complaint.

39.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore deny them.

40.    DEFENDANTS deny the allegations of paragraph 31, and specifically deny that DEFENDANTS has infringed or is liable for any infringement of any valid and enforceable patents or patent rights of Plaintiffs.

41.    DEFENDANTS deny the allegations of paragraph 32, and specifically deny that DEFENDANTS has infringed or is liable for any infringement of any valid and enforceable patents or patent rights of Plaintiffs.

42.    DEFENDANTS deny the allegations of paragraph 33.

43.    DEFENDANTS deny the allegations of paragraph 34.

44.    DEFENDANTS deny the allegations of paragraph 35.

45.    DEFENDANTS deny the allegations of paragraph 36.

46.    DEFENDANTS deny the allegations of paragraph 37.

## THIRD CLAIM FOR RELIEF

### (The '281 Patent)

47.    DEFENDANTS realleges as if fully set forth here its responses to the allegations in paragraphs 1 through 46 of the complaint.

48.    DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore deny them.

49.    DEFENDANTS deny the allegations of paragraph 31, and specifically deny that DEFENDANTS has infringed or is liable for any infringement of any valid and enforceable patents or patent rights of Plaintiffs.

50.    DEFENDANTS deny the allegations of paragraph 32, and specifically deny that DEFENDANTS has infringed or is liable for any infringement of any valid and enforceable patents or patent rights of Plaintiffs.

51.    DEFENDANTS deny the allegations of paragraph 33.

52.     DEFENDANTS deny the allegations of paragraph 34.

53.     DEFENDANTS deny the allegations of paragraph 35.

54.     DEFENDANTS deny the allegations of paragraph 36.

55.     DEFENDANTS deny the allegations of paragraph 37.

## FOURTH CLAIM FOR RELIEF

## (The '772 Patent)

56.     DEFENDANTS realleges as if fully set forth here its responses to the allegations in paragraphs 1 through 55 of the complaint..

57.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore deny them.

58.     DEFENDANTS deny the allegations of paragraph 31, and specifically deny that DEFENDANTS has infringed or is liable for any infringement of any valid and enforceable patents or patent rights of Plaintiffs.

59.     DEFENDANTS deny the allegations of paragraph 32, and specifically deny that DEFENDANTS has infringed or is liable for any infringement of any valid and enforceable patents or patent rights of Plaintiffs.

60.      DEFENDANTS deny the allegations of paragraph 33.

61.     DEFENDANTS deny the allegations of paragraph 34.

62.     DEFENDANTS deny the allegations of paragraph 35.

63.     DEFENDANTS deny the allegations of paragraph 36.

64.     DEFENDANTS deny the allegations of paragraph 37.

## FIFTH CLAIM FOR RELIEF

## (Trade Dress)

65.     DEFENDANTS realleges as if fully set forth here its responses to the allegations in paragraphs 1 through 64 of the complaint.

66.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66, and therefore deny them.

67.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67, and therefore deny them.

68.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68, and therefore deny them.

69.     DEFENDANTS deny the allegations of paragraph 69.

70.     DEFENDANTS deny the allegations of paragraph 70.

71.     DEFENDANTS deny the allegations of paragraph 71.

72.     DEFENDANTS deny the allegations of paragraph 72.

73.     DEFENDANTS deny the allegations of paragraph 73.

74.     DEFENDANTS deny the allegations of paragraph 74.

75.     DEFENDANTS deny the allegations of paragraph 75.

76.     DEFENDANTS deny the allegations of paragraph 76.

77.     DEFENDANTS deny the allegations of paragraph 77.

## SIXTH CLAIM FOR RELIEF

### (False Designation of Origin)

78.     DEFENDANTS realleges as if fully set forth here its responses to the allegations in paragraphs 1 through 77 of the complaint.

79.     DEFENDANTS deny the allegations of paragraph 79.

80.     DEFENDANTS deny the allegations of paragraph 80.

81.     DEFENDANTS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81, and therefore deny them.

82.     DEFENDANTS deny the allegations of paragraph 82.

83.     DEFENDANTS deny the allegations of paragraph 83.

84.     DEFENDANTS deny the allegations of paragraph 84.

85.     DEFENDANTS deny the allegations of paragraph 85.

86.     DEFENDANTS deny the allegations of paragraph 86.

87.     DEFENDANTS deny the allegations of paragraph 87.

88.     DEFENDANTS deny the allegations of paragraph 88.

89.     DEFENDANTS deny the allegations of paragraph 89.

90.     DEFENDANTS deny the allegations of paragraph 90.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Business Practices)

91.     DEFENDANTS realleges as if fully set forth here its responses to the allegations in paragraphs 1 through 64 of the complaint.

92.     DEFENDANTS deny the allegations of paragraph 92.

93.     DEFENDANTS deny the allegations of paragraph 93.

94.     DEFENDANTS deny the allegations of paragraph 94.

95.     DEFENDANTS deny the allegations of paragraph 95.

96.     DEFENDANTS deny the allegations of paragraph 96.

97.     DEFENDANTS deny the allegations of paragraph 97.

98.     DEFENDANTS deny the allegations of paragraph 98.

99.     DEFENDANTS deny the allegations of paragraph 99.

100.   DEFENDANTS deny the allegations of paragraph 100.

### PRAYER FOR RELIEF

The paragraphs after paragraph 100 of the complaint set forth the statement of relief requested by Plaintiffs to which no response is required. DEFENDANTS deny that Plaintiff is entitled to any of the requested relief and deny any allegations contained in the Prayer For Relief to which a response is required.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

1.   Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

2.   On information and belief, DEFENDANTS does not infringe on Plaintiffs' '152 Patent, '525 Patent, '281 Patent and '772 Patent.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

3.   Plaintiffs' claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4.   Plaintiffs' claims are barred by estoppel.

### FIFTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

5.      Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.      Plaintiffs' claims are barred by waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Invalidity of Patents)

7.      The claims of Plaintiffs' '152 Patent, '525 Patent, '281 Patent and '772 Patent are invalid for failure to meet the Conditions for Patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. § 1010 et seq., including at least secs. 102, 103 and 112.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

8.      To the extent Plaintiffs suffered any damages, which DEFENDANTS expressly deny, Plaintiffs have failed to take the steps necessary to mitigate the damages sustained.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

9.      Plaintiffs' claims are barred because they are prohibited from recovering damages for activities alleged to have occurred before it and/or its licensees provided constructive notice of the asserted patent pursuant to 35 U.S.C. § 287.

## TENTH AFFIRMATIVE DEFENSE

### (Unconstitutionally Excessive Damages)

10.     Plaintiffs' claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

## ELEVENTH AFFIRMATIVE DEFENSE
## (No Injunctive Relief)

11.     Plaintiffs have not suffered any irreparable injury, Plaintiffs have an adequate remedy at law, and injunctive relief would be contrary to the public interest, and Plaintiffs are not entitled to injunctive relief.

## TWELFTH AFFIRMATIVE DEFENSE
## (Non-Exceptional Case)

12.     Defendant has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if it prevails, from recovering reasonable attorney's fees and costs under 35 U.S.C. § 285.

## ADDITIONAL DEFENSES

13.     DEFENDANTS reserve the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

WHEREFORE, having fully responded to Plaintiffs' Complaint, DEFENDANTS prays for judgment as follows:

1.     That the Complaint be dismissed in its entirety;

2.     That Plaintiff takes nothing by reason of the Complaint, and that judgment be entered for DEFENDANTS;

3.     That Defendant be awarded the expenses, costs of suit, and attorneys' fees pursuant to 35 U.S.C. § 285, herein, as appropriate; and

4.      For such other and further relief as this Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Defendant demands a jury trial on all claims which are triable to a jury in this action.

DATED:  September 22, 2020           Respectfully submitted,

**Songfong Tommy Wang**
**Wang IP Law Group, P.C.**

Attorney for Defendants
SCIENTIFIC GLASS ART, INC; JORGE
OMAR AVILA MARTINEZ; and
BARAKAT ZAHRAN

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date herein, a copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT, dated September 22, 2020, was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to Defendant's counsel at agoldberg@sgattys.com and patran@sgattys.com by operation of the Court's electronic filing system. Parties may access the foregoing filings and this Certificate of Service through the Court's system.

Joshua E. Matic