STERN & GOLDBERG
ALAN N. GOLDBERG (SBN 112836)
  agoldberg@sgattys.com
PETER TRAN (SBN 280016)
  ptran@sgattys.com
6345 Balboa Boulevard, Suite 200
Encino, California 91316
Telephone: (818) 758-3940
Facsimile: (818) 758-3950

Attorneys for Plaintiff
R.Y.L. Inc., a California corporation

WANG IP LAW GROUP, P.C.
TOMMY SF WANG (SBN 272409)
  twang@thewangiplaw.com
18645 E. Gale Avenue, Suite 205
City of Industry, California 91748
Telephone: (626) 269-6753
Facsimile: (888) 827-8880

Attorneys for Defendants Scientific Glass Art, Inc., Jorge Omar Avila Martinez and Barakat Zahran

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.Y.L. INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SCIENTIFIC GLASS ART, INC., a California corporation; JORGE OMAR AVILA MARTINEZ also known as JORGE AVILA and ANDANTE AVILA, an individual; BARAKAT ZAHRAN also known as ZAHRAN BARAKAT and HISHAM BARAKAT, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: 2:20-cv-05606-RGK (JCx) <br><br> **JOINT STATUS REPORT (RULE 26) FOR SCHEDULING CONFERENCE** <br><br> Date:           February; 8, 2021 <br> Time:           9:00 a. m. <br> Courtroom:   #850 (8th Floor) <br><br> Honorable Judge R. Gary Klausner <br><br> Complaint Filed: June 25, 2020 |

I:\SECY ANG\wpdocs\R.Y.L\INEX\Pleadings\Joint Status Report for Scheduling Conference-ANG-1-22-21.docx
Joint Status Report (Rule 26)
For Scheduling Conference

1   CASE NO.: 2:20-cv-05606-RGK-(JCx)

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Order Setting Initial Scheduling Conference, dated September 23, 2020, the parties submit the following Joint Report.

### a) Summary of Claims Alleged by Plaintiff

<u>Plaintiff</u>: This action is based upon the manufacture and sale by the Defendants of merchandise that is confusingly similar to the design patent and/or includes material elements of the utility patents owned by Plaintiff for disposable vials for packing tobacco to be smoked, which are protected by U.S. Patent No. D827,152 (the "'152 Patent" herein), U.S. Patent No. 10,492,525 (the "'525 Patent" herein), U.S. Patent No. 10,512,281 (the "'281 Patent" herein), and U.S. Patent No. 10,602,772 (the "'772 Patent" herein), respectively.

Plaintiff R.Y.L. Inc. is the owner of four (4) patents described in the Complaint as: (1) the 152 Patent, which was entitled "Disposable Vial"; (2) the 525 patent entitled "Method of Making a Disposable Vial for Packing Tobacco to be Smoked"; (3) the 281 patent which was also entitled "Method of Making a Disposable Vial for Packing Tobacco to be Smoked"; and (4) the 772 patent which was also entitled "Method of Making a Disposable Vial for Packing Tobacco to be Smoked".

Plaintiff also holds trade dress protection in the design and appearance of its disposable vials. Plaintiff's disposable vials, which are sold under the trade name "Lock-N-Load", have a distinctive shape and appearance: a compact, straight cylinder of transparent, clear glass with a black screw-on end cap, and the "Lock-N-Load" logo appearing on the glass portion of the vial on a black rectangular background. Each of these elements is distinctive and serves to identify Plaintiff as the source of the disposable vials. Moreover, none of these elements is functional.

The Complaint in this action contains the following seven (7) causes of action: (1) Infringement of the 152 Patent; (2) Infringement of the 525 Patent; (3) Infringement of the 281 Patent; (4) Infringement of the 772 Patent; (5) Trade Dress Infringement; (6) False Designation of Origin; and (7) Unfair Business Practices.

Plaintiff R.Y.L., Inc. has alleged that Defendants Scientific Glass Art, Jorge Avila and Barakat Zahran (collectively "Defendants" herein) are engaged in the business of manufacturing, importing, and/or selling tobacco products, including disposable vials for packing tobacco to be smoked, some of which are labeled "INEX".

In or about February 2020, Plaintiff discovered that Defendants, without Plaintiff's consent, reproduced or purchased reproductions of the disposable vials protected by the '152, '525, '281, and '772 Patents and/or confusingly similar variations thereof, for the Defendants' own use and sale, some of which are labeled "INEX" (the "Counterfeit and Infringing Merchandise").

Defendants' Counterfeit and Infringing Merchandise also mimics a combination of several elements of the trade dress of Plaintiff's disposable vials, namely, a product configuration with a compact, straight cylinder of transparent, clear glass with black screw-on end caps, and the "INEX" logo appearing on the glass portion of the vial on a black rectangular background.

Defendants' Counterfeit and Infringing Merchandise has a substantially similar ornamental appearance to the disposable vials disclosed in Plaintiff's issued '152 Patent, which is likely to lead the public to believe Defendants' Counterfeit and Infringing Merchandise are licensed by, sponsored by, or otherwise affiliated with those sold by Plaintiff, when in fact they are not. Further, Defendants' Counterfeit and Infringing Merchandise includes all of the elements of Claims 1 and 6 of the disposable vials disclosed in Plaintiff's issued '525 Patent. Plaintiff has also alleged that the method by which Defendants manufacture the Counterfeit and Infringing Merchandise includes all of the elements of Claim 1 of Plaintiff's issued '281 Patent and Claims 1 and 8 of Plaintiff's issued '772 Patent. Defendants' Counterfeit and Infringing Merchandise also infringe upon the trade dress of Plaintiff's disposable vials.

Plaintiff R.Y.L. has alleged it has sustained damages in an amount to be proven

at time of trial, but which Plaintiff believes are not less than the aggregate sum of $200,000.00, consisting of $50,000.00 for each of the patents.

Plaintiff also seeks injunction relief against Defendants' continuing infringement of the Patents and related trade dress and false designation claims.

<u>Defendants Position Re: Claims:</u>

Defendants deny all allegations set forth in Plaintiff's Complaint.

**b)     Subject Matter Jurisdiction**

This action arises under the patent and trademark laws of the United States, **15 U.S.C. §§ 1051 et seq.** and **35 U.S.C. §§ 1 et seq.** This Court has subject matter jurisdiction under **15 U.S.C. § 1121** (action arising under the Lanham Act), **28 U.S.C. § 1331** (federal question), **28 U.S.C. § 1338(a)** (any Acts of Congress relating to patents or trademarks), **28 U.S.C. § 1338(b)** (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws), and **28 U.S.C. § 1367** (supplemental jurisdiction).

Venue is proper within this District under **28 U.S.C. §§ 1391(b) and (c)** because Defendants Scientific Glass Art, Avila, and Zahran transact business within this District and offer for sale in this District products that infringe Plaintiff R.Y.L.'s patents and trade dress. In addition, venue is proper because Plaintiff R.Y.L.'s principal place of business is in this District and Plaintiff has suffered harm in this District. Moreover, a substantial part of the events giving rise to the claims occurred in this District.

**c)     Legal Issues**

The principal legal issues are: (1) whether Defendants infringed upon any or all of Plaintiff's four (4) patents; (2) whether Defendants are liable for Trade Dress Infringement; (3) whether Defendants are liable for False Designation of Origin; (4) whether Plaintiff's are entitled to Injunctive Relief; and (5) Defendants defense to the claims.

//

### d) Parties, Evidence, Etc.

<u>Plaintiff</u>: Plaintiff identifies various of its employees, the Defendants, their principals, and other witnesses and documents which are disclosed in accordance with *Federal Rules Civil Procedure,* Rule 26 and in discovery in this action.

<u>Defendants</u>: Defendants identify Plaintiff, its principals, and other witnesses and documents which are disclosed in accordance with *Federal Rules Civil Procedure,* Rule 26 and in discovery in this action.

### e) Insurance

None.

### f) Magistrate Judge

The parties do not consent to have a Magistrate Judge preside over this case at this time.

### g) Discovery Plan

1. <u>Disclosures</u>

The parties consent to exchange initial disclosures via email by February 5, 2021.

2. <u>Discovery Subjects</u>

The parties do not propose to conduct discovery in phases. The parties consent to receive by email all discovery responses that are capable to be received via electronic means. Given the current COVID-19 situation, the parties propose a non-expert discovery cut-off date of December 10, 2021 and an expert cut-off date of February 1, 2022.

<u>Plaintiff</u>: Plaintiff intends to seek discovery related to: (1) the claims being asserted by Plaintiff herein; (2) the sales of infringement product by Defendants; (3) where Defendants are obtaining such products; (4) damages; and (5) the defenses asserted by Defendants. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of Defendants, and potential third party witnesses.

<u>Defendants</u>: Defendants intends to seek discovery related to, *inter alia*,: (1) the nature of Plaintiff's claims; (2) its claimed patents and the alleged infringement; (3) damages claimed by Plaintiff; and (4) its defenses in this action. Defendants also intend to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of Plaintiff, and potential third party witnesses.

3. <u>Changes in Limitations on Discovery</u>

The parties do not request any deviation from the Federal and Local Rules.

4. <u>Discovery Cut-off</u>

The parties propose a final discovery completion date for non-expert discovery of December 10, 2021. The parties propose that experts be designated per FRCP Rule 26 (a)(2) by December 17, 2021, and expert witness depositions be completed by February 4, 2022.

5. <u>Expert Discovery</u>

The parties propose Initial disclosure of Expert Witnesses date of November 17, 2021, and a Rebuttal Disclosure of Expert Witnesses and Report of December 17, 2021. The date for Expert cut-off is proposed to be February 4, 2022.

**h) Motions**

After undertaking discovery, the parties will each evaluate whether the filing of a motion for partial or complete summary judgment is appropriate.

**i) Class Certification**

N/A

**j) Dispositive Motions**

After undertaking discovery, the parties will each separately evaluate whether the filing of a motion for partial or complete summary judgment is appropriate.

**k) Settlement/Alternative Dispute Resolution (ADR)**

The parties believe that there is a reasonable possibility of settlement in this case. The parties believe that L.R. 16-15.4, Settlement Procedure Number 2 -

settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel - should be utilized in this case.

### l) Markman and Claim Construction Hearing

The parties agree that if there are any issues raised as to the meaning of any disputed words in the patent, they be determined at a hearing in accordance with *Markman v. Westview Instruments Inc.*, 52 F.3d 967 (Fed. Cir. 1995).

If the court desires, the parties are also willing to have a schedule set for the "Disclosure of Asserted Claims and Infringement Contentions" and 45 days thereafter any "Invalidity Contentions" and then use the N.D. Cal scheduling timeline for the requisite intermediary steps to proceed with a "Claim Construction" hearing.

The parties intend to stipulate to a Protective Order as to the information disclosed in connection with the "Disclosure of Asserted Claims and Infringement Contentions" and "Invalidity Contentions".

The parties are also currently involved in settlement discussions and request that the "Disclosure of Asserted Claims and Infringement Contentions" not be due until 21 days after there is an impasse in settlement discussions and the entry of the protective order, but to be commenced no later than March 22, 2021.

### m) Pretrial Conference and Trial

| Matter | Date |
|---|---|
| Discovery Cut Off Date (including experts) | February 4, 2022 |
| Last day to have dispositive motions heard | February 21, 2022 |
| Pretrial Conference | March 21, 2022 |
| Trial | April 12, 2022 |

**n)   Trial Estimate**

Each party has demanded a jury trial. The parties estimate a 4-5 day trial.

**o)   Trial Counsel**

Trial counsel for Plaintiff is currently Alan N. Goldberg of Stern & Goldberg. Trial counsel for Defendants is Tommy SF Wang of Wang IP Law Group, P.C.

**p)   Independent Expert or Master**

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**q)   Other Issues**

There are no other issues affecting the status or management of the case and the parties have no proposals concerning severance, bifurcation or other ordering of proof.

Dated: January 25, 2021         STERN & GOLDBERG

By: /s/ _____
Alan N. Goldberg
Peter Tran
Attorneys for Plaintiff R.Y.L., Inc.,
a California Corporation

Dated: January 25, 2021         WANG IP LAW GROUP, P.C.

By: /s/ _____
Tommy SF Wang
Attorneys for Defendants
Scientific Glass Art, Inc., Jorge Omar
Avila Martinez and Barakat Zahran

## SIGNATURE ATTESTATION

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: January 25, 2021          STERN & GOLDBERG

                                 By: /s/_____
                                    Alan N. Goldberg
                                    Peter Tran
                                    Attorneys for Plaintiff R.Y.L., Inc.,
                                    a California Corporation

# EXHIBIT A
## PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 54 | March 29, 2021 |
| Non-Expert Discovery Cut-Off | 17 | December 10, 2021 |
| Expert Discovery Cut-Off | 10 | February 4, 2022 |
| Last Day to Conduct Settlement Proceedings | 9 | February 7, 2022 |
| Last Day for Law and Motion Hearings | 7 | February 21, 2022 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 3 | March 21, 2022 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 2 | March 28, 2022 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | April 8, 2022 |
| Trial **(Tuesday at 9:00 a.m.)** | | April 12, 2022 |

I:\SECY ANG\wpdocs\R.Y.L\INEX\Pleadings\Joint Status Report for Scheduling Conference-ANG-1-22-21.docx

Joint Status Report (Rule 26)　　　　　　　　　　10　　　CASE NO.: 2:20-cv-05606-RGK-(JCx)
For Scheduling Conference

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 6345 Balboa Boulevard, Suite 200, Encino, California 91316.

On January 25, 2021, I served the foregoing document described as:

**JOINT STATUS REPORT (RULE 26) FOR SCHEDULING CONFERENCE**

___  **BY MAIL**          XX  **BY ELECTRONIC TRANSMISSION**

XX  by emailing the above document to the following persons:

Tommy SF Wang, Esq.
Joshua E. Matic, Esq.
Wang IP Law Group, P.C.
18645 E. Gale Avenue, Suite 205
City of Industry, California 91748
Email: twang@thewangiplaw.com
       jmatic@thewangiplaw.com
Telephone: (626) 269-6753
Facsimile: (888) 827-8880

(Attorneys for Defendants Scientific Glass Art, Inc., Jorge Omar Vila Martinez and Barakat Zahran)

___  **(By mail)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

XX  **(By e-mail or electronic transmission)** I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on January 25, 2021, in Encino, California.

XX  (Federal)     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/
Valerie Rush